### BALCH ET AL. *v.* PERRY ET AL.

[No. 11,981. Filed January 28, 1925. Rehearing denied April 23, 1925. Transfer denied June 3, 1925.]

INJUNCTION.—*Evidence held to warrant injunction to prevent operation of public garage near church.*—Evidence *held* sufficient to warrant the granting of an injunction to prevent the operation of a public garage within specified distance of church in violation of city ordinance.

From the Marion Circuit Court (36,167); *Harry O. Chamberlain,* Judge.

Suit by Ballard V. Perry and others against Alfred C. Balch and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.* By the second division.

*William W. Seagle,* for appellants.

*R. L. Ewbank,* for appellees.

NICHOLS, J.—This is an appeal from a judgment enjoining appellants from conducting a public garage upon their premises within 150 feet of the appellees' church, in violation of §542 of Ordinance 23, 1918, of the city of Indianapolis, which provides that: "No public garage shall be located, erected or maintained within one hundred fifty (150) feet of any lot on which there is situated a church or public school building, unless such public garage was established at such place prior to the establishment of such church or school building."

Appellants, on appeal, attack the sufficiency of the evidence to support any finding that appellees had any church building on their premises. They also contend that there is insufficient evidence to support any finding that they were in any way seeking to establish any public garage, and, further that the evidence shows that they have maintained a public garage upon their premises since before the appellees' church was established, and for that reason their garage does not come within the ordinance.

It appears by evidence that a German language Methodist Episcopal Church congregation built a frame church building at the northwest corner of East Tenth street and Keystone avenue in 1901. An English language congregation of the Methodist Episcopal Church built a brick church on the south of East Tenth and west of Keystone, directly south across the street from the frame church. Both buildings were the property of the M. E. church, though held by the separate congregations. The English speaking congregation prospered and increased beyond the capacity of their building, which was not built to permit enlarging it. The German congregation languished and these conditions finally resulted in a sale and transfer of the frame church building from the German congregation to the English language congregation about September 1,

1922. The frame church was about forty feet north and south, and about sixty feet east and west, and the long way of the lot on which it was built ran north and south along the west side of Keystone avenue. The English language congregation bought this property with the view of building an addition northward from the old frame church toward the alley and along the west side of Keystone avenue, and during the pendency of this action and before trial had constructed the addition.

During the negotiations for the transfer of this old frame church from one congregation to the other, lasting about eight months, no services were held therein, but there was no abandonment of the building for church purposes, and as soon as the English speaking congregation acquired it, they commenced holding religious meetings therein, including prayer meetings, Sunday school classes, bible school, etc., but, up to the time of trial, that congregation had never held preaching services therein. Appellee when it purchased the building contemplated the continued use of the building in connection with the building across the street for religious, educational and recreational purposes. About the last of 1922, or first of 1923, the appellants began their efforts to get a permit to construct a public garage on the east side of the street directly across from the northern end of the property, and upon the issuance of the building permit for a public garage, this suit was filed and a temporary injunction prayed, but attorneys for the parties agreed in open court that any proper building might be erected without prejudice to the rights of either parties and that no public garage would be operated pending trial of the cause. Pending the trial, appellants completed their building and put a tenant operating a paint shop therein, and the appellees

commenced the addition to the old frame church, necessitating discontinuance of all meetings therein, and the addition, while practically completed, had not been dedicated, but dedication services were set for the Sunday following the trial.

This evidence is sufficient to sustain the decision of the court.

Affirmed.